UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

MILTON MARCHI,                                                      **AMENDED**
                                                                   **COMPLAINT**
                                        Plaintiff,

                                                                   16 CV 7122
         -against-                                                 (FB) (VMS)

                                                                   Jury Trial Demanded

CITY OF NEW YORK, BENNETT CHOI, Individually,
FRANK TALIO, Individually, MATTHEW PETERS,
Individually, JOSEPH DEAN, Individually, and JOHN
and JANE DOE 1 through 10, Individually (the names
John and Jane Doe being fictitious, as the true names are
presently unknown),

                                        Defendants.

--------------------------------------------------------------------------------X

         Plaintiff MILTON MARCHI, by his attorneys, Brett H. Klein, Esq., PLLC, complaining

of the defendants, respectfully alleges as follows:

## Preliminary Statement

         1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts

supplemental state law claims.

## JURISDICTION

         2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

         3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff MILTON MARCHI is a fifty-four-year-old resident of the State of New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, BENNETT CHOI, FRANK TALIO, MATTHEW PETERS, JOSEPH DEAN, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New

2

York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.     On September 28, 2015, beginning at approximately 6:35 p.m., defendant NYPD officers including, but not limited to, BENNETT CHOI, FRANK TALIO, MATTHEW PETERS, and JOSEPH DEAN, entered plaintiff's home located at 150-10 89th Street, in Jamaica, New York, in response to Mr. Marchi's call for help after he realized that his home had been burglarized.

13.     Instead of assisting Mr. Marchi, who is visibly disabled, suffering from Parkinson's Disease, defendant officer CHOI grabbed Mr. Marchi, struck him twice in the shin with an asp, and along with defendants TALIO, PETERS, and DEAN, slammed him to the ground, and further beat him by, without limitation, slapping him in the back, kicking him in the back and head, threatening to Taser him, and by choking him and sitting on his back while he was in a face down position.  The defendants needlessly and otherwise unreasonably maintained Mr. Marchi in such a position for an extended period of time, despite his cries that he was suffering from Parkinson's Disease, and that he was having trouble breathing.

14.     The defendant officers caused Mr. Marchi to be transported to Jamaica Hospital, falsely claiming that he was a purported "emotionally disturbed person".

15.     Mr. Marchi was released from police custody at Jamaica Hospital without being charged with committing any crimes or offenses.

16.     Plaintiff was admitted into the hospital for approximately two days.

17.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising of its employees, due to discrimination against individuals based on disabilities, and/or policies, customs or practices of falsely deeming individuals as "emotionally disturbed" to cover up abuses of authority and/or the needless use of force and/or to avoid disciplinary action.

18.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board) that many NYPD officers are insufficiently trained regarding the proper use force, the requirements to detain individuals, disproportionately assault and falsely arrest individual due to discrimination against them based on their disabilities, race and/or nationality, and engage in a practice of falsification.

19.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiff's civil rights.

20.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

4

21.     As a result of the foregoing, plaintiff MILTON MARCHI sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983 Against the Individually Named Defendants)

22.     Plaintiff repeats, reiterates, and realleges every allegation contained in paragraphs "1" through "21" with the same force and effect as if fully set forth herein.

23.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

24.     All of the aforementioned acts deprived plaintiff MILTON MARCHI, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

25.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

26.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

27.     Defendants, collectively and individually, while acting under color of state law,

engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

28.     As a result of the foregoing, plaintiff MILTON MARCHI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

29.     Defendants arrested plaintiff MILTON MARCHI without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

30.     Defendants caused plaintiff MILTON MARCHI to be unlawfully imprisoned and/or falsely arrested.

31.     As a result of the foregoing, plaintiff MILTON MARCHI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983 Against the Individually Named Defendants)

32.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff MILTON MARCHI'S constitutional rights.

34.     As a result of the aforementioned conduct of defendants, plaintiff MILTON MARCHI was subjected to excessive force and sustained physical pain and suffering and

emotional injuries.

35.     As a result of the foregoing, plaintiff MILTON MARCHI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983 Against the Individually Named Defendants)

36.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.     Defendants had an affirmative duty to intervene on behalf of plaintiff MILTON MARCHI, whose constitutional rights were being violated in their presence by other officers.

38.     The defendants failed to intervene to prevent the unlawful conduct described herein.

39.     As a result of the foregoing, plaintiff MILTON MARCHI'S liberty was restricted for an extended period of time, he was put in fear of his safety, he was humiliated and subjected to excessive force.

40.     As a result of the foregoing, plaintiff MILTON MARCHI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN FOURTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983 Against Defendant City of New York)

41.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

43.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, discrimination against individuals based on disabilities, and/or policies, customs or practices of falsely deeming individuals as "emotionally disturbed" to cover up abuses of authority and/or the needless use of force and/or to avoid disciplinary action, subjecting individuals to excessive force and thereafter falsely arresting individuals or otherwise engaging in falsification to cover up abuse of authority, disproportionately assaulting and falsely arresting individual due to discrimination against them based on their race and/or nationality, and engaging in a practice of falsification, as well as inadequate screening, hiring, retaining, training and supervising its employees.

44.     The aforementioned customs, polices, usages, practices, procedures and rules of the New York City Police Department were the moving force behind the violation of plaintiff MILTON MARCHI'S rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

45.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff MILTON MARCHI.

46.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff MILTON MARCHI as alleged herein.

47.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff MILTON MARCHI as alleged herein.

48.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff MILTON MARCHI was unlawfully arrested and subjected to excessive force.

49.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff MILTON MARCHI'S constitutional rights.

50.     All of the foregoing acts by defendants deprived plaintiff MILTON MARCHI of federally protected rights, including, but not limited to, the right:

      A.     To be free from false arrest/unlawful imprisonment;

      B.     To be free from excessive force; and

      C.     To be free from the failure to intervene.

51.     As a result of the foregoing, plaintiff MILTON MARCHI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

52.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

54.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

55.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

56.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

57.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A FIFTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

58.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.     Defendants arrested plaintiff MILTON MARCHI without probable cause.

60.     Plaintiff was detained against his will for an extended period of time.

61.     As a result of the aforementioned conduct, plaintiff MILTON MARCHI was unlawfully imprisoned in violation of the laws of the State of New York.

10

62. As a result of the aforementioned conduct, plaintiff MILTON MARCHI suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

63. As a result of the foregoing, plaintiff MILTON MARCHI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Assault under the laws of the State of New York Against All Defendants)

64. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. As a result of the foregoing, plaintiff MILTON MARCHI was placed in apprehension of imminent harmful and offensive bodily contact.

66. As a result of defendant's conduct, plaintiff MILTON MARCHI has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

67. Defendant City of New York is liable for the tortious conduct of its employees via the doctrine of *respondeat superior.*

68. As a result of the foregoing, plaintiff MILTON MARCHI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

11

## AS AND FOR A SEVENTH CAUSE OF ACTION
(<u>Battery under the laws of the State of New York Against All Defendants</u>)

69.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70.     Defendants made offensive contact with plaintiff without privilege or consent.

71.     As a result of defendant's conduct, plaintiff MILTON MARCHI has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

72.     Defendant City of New York is liable for the tortious conduct of its employees via the doctrine of *respondeat superior.*

73.     As a result of the foregoing, plaintiff MILTON MARCHI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(<u>Intentional Infliction of Emotional Distress under the laws of the State of New York Against All Defendants</u>)

74.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

76.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

77.     The aforementioned conduct was committed by defendants while acting in

12

furtherance of their employment by defendant CITY OF NEW YORK.

78.     The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff MILTON MARCHI.

79.     As a result of the aforementioned conduct, plaintiff MILTON MARCHI suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

80.     Defendant City of New York is liable for the tortious conduct of its employees via the doctrine of *respondeat superior.*

81.     As a result of the foregoing, plaintiff MILTON MARCHI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN NINTH CAUSE OF ACTION**
(Violation of N.Y.S. Constitution Article 1 §11 Against Defendant City of New York)

82.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83.     As a result of defendants' conduct, plaintiff MILTON MARCHI was deprived of his right to equal protection of laws.

84.     As a result of the foregoing, plaintiff MILTON MARCHI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A TENTH CAUSE OF ACTION**
(Violation of N.Y.S. Constitution Article 1 §12 Against Defendant City of New York)

85.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86.     As a result of defendants' conduct, plaintiff MILTON MARCHI was deprived of his right to security against unreasonable searches, seizures, and interceptions.

87.     As a result of the foregoing, plaintiff MILTON MARCHI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff MILTON MARCHI demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
          September 15, 2017

                         BRETT H. KLEIN, ESQ., PLLC
                         Attorneys for Plaintiff MILTON MARCHI
                         305 Broadway, Suite 600
                         New York, New York 10007
                         (212) 335-0132

                         By:    s/ Brett Klein
                                 BRETT H. KLEIN (BK4744)

14

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

MILTON MARCHI,

                                  Plaintiff,                16 CV 7122
                                                        (FB) (VMS)

            -against-

CITY OF NEW YORK, BENNETT CHOI, Individually,
FRANK TALIO, Individually, MATTHEW PETERS,
Individually, JOSEPH DEAN, Individually, and JOHN
and JANE DOE 1 through 10, Individually (the names
John and Jane Doe being fictitious, as the true names are
presently unknown),

                                Defendants.

--------------------------------------------------------------------------------X

## AMENDED COMPLAINT

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132